UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL PILLORS,<br><br>    Plaintiff,<br><br>    vs.<br><br>J. LOPEZ,<br><br>    Defendant. | 1:14-cv-01848-DAD-EPG-PC<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 18.) |

  Darnell Pillors ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 7, 2016, Defendant filed a motion to dismiss this case for failure to exhaust administrative remedies.  (ECF No. 18.)

  Plaintiff has not been provided with a Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing him of his rights and responsibilities in opposing Defendant's motion to dismiss.  Therefore, the Court shall, by this order, provide Plaintiff with the requisite Notice and Warning.

  **NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS**

  Pursuant to Woods v. Carey, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendant's motion to dismiss.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (Fair notice of the requirements needed to defeat a defendant's motion

to dismiss for failure to exhaust administrative remedies must be provided to a pro se prisoner litigant in a civil rights case.)

**NOTICE AND WARNING:**

**Defendant has filed a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a motion for summary judgment or, if a failure to exhaust is clear on the face of the complaint, a motion to dismiss under Rule 12(b)(6). <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014). "The motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings; the plaintiff has a 'right to file counter-affidavits or other responsive evidentiary materials.'" <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012), quoting <u>Rand v. Rowland</u>, 154 F.3d 952, 960 (9th Cir. 1998).**

**If the Court determines that all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007). A dismissal for failure to exhaust is without prejudice. <u>Id.</u>**

**Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(*l*). Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's motion to dismiss. Local Rule 230(*l*). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. <u>Id.</u>**

**If responding to Defendant's motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint.  Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.  <u>See</u> Fed. R. Civ. P. 43(c).  Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.  If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.**

IT IS SO ORDERED.

Dated:  **June 15, 2016**              /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE