UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL PILLORS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LOPEZ,<br><br>　　　　Defendant. | Case No. 1:14-cv-01848-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST AND FAILURE TO COMPLY WITH THE GOVERNMENT CLAIMS ACT BE GRANTED IN PART AND THAT THE CASE BE CLOSED<br>(ECF NO. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.　BACKGROUND**

Darnell Pillors ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, which includes an attendant state law claim for negligence. On February 5, 2016, the Court screened Plaintiff's First Amended Complaint. (ECF No. 14). The Court found that the First Amended Complaint stated a claim against defendant J. Lopez ("Defendant") for violation of the Eighth Amendment by deliberately disregarding a substantial risk to Plaintiff, as well as a claim for negligence. (Id. at p. 8). The Court noted that Plaintiff may have failed to exhaust his administrative remedies, but decided to allow the case to proceed, stating that it would "reexamine this issue if raised by Defendant at a later time." (Id. at p. 7). On June 7, 2016, Defendant filed a motion to dismiss for failure to exhaust administrative remedies and for failure to comply with the Government Claims Act. (ECF No. 18). Defendant's motion to dismiss is now before the Court.

\\\

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

On page two of the First Amended Complaint, Plaintiff states that there is an inmate appeal or administrative remedy process available at his institution, that he has filed an appeal or grievance concerning all of the facts contained in his complaint, and that he has not completed the grievance process that was available to him at his institution. (ECF No. 6, p. 2). When asked to explain why he did not complete the grievance process, Plaintiff states: "I was not aware of necessity that I separately pursue administrative relief on inmate appeal. I don't have any legal comprehension nor legal sophistication. When Inmate Hicks wrote up the paper and said all the rest of us need to do is sign on as class members on his complaint, I thought he knew what he was doing. Now I'm getting help from prison library inmate clerks, who at least seem like they know what they're doing. I have since initiated (and am still pursuing) an appeal." (Id.)

## III. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss both the § 1983 claim and the state law negligence claim. As to Plaintiff's § 1983 claim, Defendant asserts that Plaintiff failed to exhaust his administrative remedies based on the face of the First Amended Complaint, because Plaintiff admitted that he is still in the process of exhausting his administrative remedies. As to Plaintiff's state law claim for negligence, Defendant asserts that Plaintiff failed to allege compliance, or an excuse for noncompliance, with the Government Claims Act.

Plaintiff did not respond to Defendant's motion to dismiss.[1]

### A. Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other

---

[1] On June 15, 2016, the Court sent Plaintiff the required warning regarding how to oppose a motion to dismiss for failure to exhaust. (ECF No. 19). Plaintiff failed to respond to the motion to dismiss, so on July 26, 2016, the Court ordered Plaintiff to file opposition or a statement of non-opposition to the motion to dismiss. (ECF No. 20). This order was returned as undeliverable, because Plaintiff was released on parole. Plaintiff was given until October 11, 2016, to file a notice of change of address. Plaintiff failed to file a notice of change of address by the deadline, and still has not filed a notice of change of address.

grounds by Davis v. Scherer, 468 U.S. 183 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

As the U.S. Supreme Court recently explained in Ross v. Blake, 136 S.Ct. 1850, 1856 (June 6, 2016) regarding the PLRA's exhaustion requirement:

> [T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be 'available' to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'

Id. (internal quotations and citations omitted). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.' Id. at 1859 (quoting Booth, 532 at 738 (2001)).

**B. Discussion**

At the outset, the Court notes that because "failure to exhaust under the PLRA is an affirmative defense the defendant must plead and prove," it is generally not appropriate to raise this issue in a motion to dismiss. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.), cert. denied sub

nom. Scott v. Albino, 135 S. Ct. 403 (2014) (internal quotation and citation omitted).  However, defendants are allowed to raise the issue in a motion to dismiss "[i]n the rare event that a failure to exhaust is clear on the face of the complaint…."  Id.  Here, Defendant is arguing failure to exhaust based on the face of the complaint.  (ECF No. 18-1, p. 3).  Therefore, a motion to dismiss on this ground is appropriate.

Next, the Court turns to whether Plaintiff has exhausted his administrative remedies with respect to his § 1983 claim.  Relying only on the face of the complaint, the Court finds that Plaintiff has failed to exhaust his administrative remedies, which were available to him.  Plaintiff admitted that he had not exhausted his administrative remedies as of the date of filing the complaint.  (ECF No. 6, p. 2).  When asked to explain why, Plaintiff states that he did not know he had to separately pursue administrative remedies, and that, at the time of filing the First Amended Complaint, he was still utilizing the inmate grievance process.  The fact that Plaintiff stated that there is an inmate appeal or administrative remedy process available at his institution, combined with the fact that Plaintiff began utilizing that process, indicates that there was an administrative remedy available to Plaintiff.  While Plaintiff states that he did not know about need to pursue an administrative remedy, this is not a viable defense under the PLRA.[2]  Accordingly, the Court finds that Plaintiff has failed to exhaust available administrative remedies.  Therefore, the Court will recommend that Plaintiff's § 1983 claim against Defendant for violation of the Eighth Amendment be dismissed.

As to Plaintiff's claim for negligence, the Court need not reach the issue of compliance with the Government Claims Act.  When the Court decided to exercise supplemental jurisdiction over Plaintiff's state law claim, it noted that "[t]he Supreme Court has cautioned that 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.' United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)."  (ECF No. 14, p. 6).  See also 28 U.S.C. § 1367(c)(2) ("[t]he district courts may decline to exercise supplemental jurisdiction over

---

[2] The Court notes that this analysis may have been different if there was any indication that Plaintiff did not know about the administrative remedies because of something that Defendant or the Department of Corrections and Rehabilitation did, or failed to do.  If the process was somehow hidden from Plaintiff, it may not have been "available."  However, here, it appears that Plaintiff's failure to exhaust his administrative remedies was at least in part because he relied on the advice of Inmate Hicks.

a claim under subsection(a) if--the district court has dismissed all claims over which it has original jurisdiction"). As Plaintiff only has one federal claim, and as the Court has found that that claim should be dismissed for failure to exhaust, the Court will recommend that Plaintiff's state law negligence claim be dismissed as well.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court recommends that Defendant's motion to dismiss should be granted in part. As to Plaintiff's § 1983 claim against Defendant for violation of the Eighth Amendment, Plaintiff failed to exhaust available administrative remedies before filing the complaint. Accordingly, that claim should be dismissed without prejudice.[3]

As there are no other federal claims, Plaintiff's state law claim for negligence should be dismissed without prejudice as well.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1) Defendant's motion to dismiss be GRANTED IN PART;
2) Plaintiff's § 1983 claim against Defendant for violation of the Eighth Amendment be DISMISSED without prejudice;
3) Plaintiff's state law negligence claim against Defendant be DISMISSED without prejudice; and
4) The Clerk of Court be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.

\\\

---

[3] Dismissal without prejudice is required when there is no presuit exhaustion. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002)

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 7, 2016**        /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE